# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| GEORGE ANDREW MORGAN, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. CIV-17-622-D |
|  | ) |  |
| STATE FARM MUTUAL | ) |  |
| AUTOMOBILE INSURANCE | ) |  |
| COMPANY, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## ORDER

This matter comes before the Court on Plaintiff's Rule 56(d) Motion [Doc. No. 28]. Defendant has filed its response in opposition [Doc. No. 29]. The matter is fully briefed and at issue.

## BACKGROUND

Plaintiff was insured under an automobile policy issued by Defendant. He was involved in an accident wherein another individual, Jesse Atkins, was severely injured while crossing the road. At the time of the accident, Atkins' employer had workers' compensation insurance that was issued by the Kansas Building Industry Worker's Compensation Fund, whereby New York Marine and General Insurance (NYM) acted as insurer and held subrogation rights. Plaintiff alleges Defendant knew or should have known of NYM's involvement and its attendant rights; however, it settled with Atkins while failing to resolve NYM's rights of subrogation,

thereby exposing Plaintiff to hundreds of thousands of dollars of liability in excess of his policy limits.[1] Plaintiff filed the present suit against Defendant, asserting claims for breach of contract and breach of the duty of good faith and fair dealing.

On January 24, 2018, Defendant filed its Motion for Summary Judgment [Doc. No. 20]. It contends that (1) Plaintiff's breach of contract claim is barred by the applicable statute of limitations, (2) there is no genuine dispute of material fact regarding Plaintiff's breach of contract and bad faith claims, and (3) there is insufficient evidence from which to submit the question of punitive damages to a jury.

In this regard, Rule 56(d), Federal Rules of Civil Procedure, provides that if a non-movant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition to a pending motion for summary judgment, the Court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order. Fed. R. Civ. P. 56(d).[2] Pursuant to the rule, Plaintiff has filed the

---

[1] NYM subsequently sued Plaintiff in Garfield County District Court to enforce its subrogation rights. A jury found in favor of NYM and awarded it damages in the amount of $844,865.89. The verdict was ultimately upheld on appeal.

[2] Effective December 1, 2010, the Supreme Court amended Rule 56, and what is now Rule 56(d) previously was codified as Rule 56(f). *See* Fed. R. Civ. P. 56 Adv. Comm. Note (2000) ("The standard for granting summary judgment remains unchanged ... Subdivision (d) carries forward without substantial change the provisions of former subdivision (f)").

present motion seeking to depose the four individuals who he believes were involved in the handling of the claims against him.[3] Plaintiff contends that the conduct of these individuals "forms the basis for Plaintiff's claims," and "their depositions are necessary to develop the facts which will support the opposition to Defendant's purported 'undisputed facts' and show additional facts which preclude [s]ummary [j]udgment." Pl. Resp. at 3. Defendant objects to the motion. It contends that the factual basis for its motion was fully developed in the Garfield County litigation, and thus, there are no material facts that are unavailable to Plaintiff.

## STANDARD OF DECISION

The general principle of Rule 56(d) is that summary judgment should be refused when the nonmoving party has not had the opportunity to discover information that is essential to his opposition. *Price ex rel. Price v. Western Resources, Inc.*, 232 F.3d 779, 783 (10th Cir. 2000) (citation omitted). To make the showing necessary to obtain relief pursuant to Rule 56(d), a party must do more than assert "that the evidence supporting [the party's] allegation is in the hands of the [opposing party]." *Weir v. Anaconda Co.*, 773 F.2d 1073, 1083 (10th Cir. 1985) (quoting *Patty Precision v. Brown & Sharpe Mfg. Co.*, 742 F.2d 1260, 1264 (10th

---

[3] In an earlier ruling, the Court granted Defendant's motion to stay discovery pending a ruling on its summary judgment motion [Doc. No. 25]. However, the Court granted the motion without prejudice to Plaintiff's right to seek relief under Rule 56(d).

Cir. 1984) (paraphrasing in original)). Instead, the party invoking Rule 56(d) "must show how additional time will enable him to rebut [the] movant's allegations of no genuine issue of fact." *See id.*; *Jensen v. Redevelopment Agency of Sandy City*, 998 F.2d 1550, 1554 (10th Cir. 1993). The court in *Price* summarized the requisite showing as follows:

> A prerequisite to granting relief [pursuant to Rule 56(d)] ... is an affidavit furnished by the nonmovant. Although the affidavit need not contain evidentiary facts, it must explain why facts precluding summary judgment cannot be presented. This includes identifying the probable facts not available and what steps have been taken to obtain these facts. In this circuit, the nonmovant also must explain how additional time will enable him to rebut movant's allegations of no genuine issue of fact.

*Price*, 232 F.3d at 783 (quoting *Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992)); *see also Burke v. Utah Transit Auth. and Local 382*, 462 F.3d 1253, 1264 (10th Cir. 2006) ("Additionally, [an affidavit] must 'state with specificity how the additional material will rebut the summary judgment motion.'") (citation omitted). Rule 56(d) may not be invoked based solely upon the assertion that discovery is incomplete or that the specific facts necessary to oppose summary judgment are unavailable. *Jensen*, 998 F.2d at 1553. It is not a license for a fishing expedition. *Lewis v. City of Ft. Collins*, 903 F.2d 752, 759 (10th Cir. 1990). Thus, although a party's motion under Rule 56(d) should be liberally treated, the decision to grant additional discovery is within the Court's discretion. *Leyba v. City of Santa Fe*, 198 F. Supp. 3d 1254, 1257 (D.N.M. 2016).

## DISCUSSION

In light of the foregoing standard, the Court finds Plaintiff's motion should be granted in part. Pivotal to a Court's analysis under Rule 56(d) is whether the subject information is *essential* to the non-movant's defense to summary judgment. Here, despite pressing the urgency of the depositions at issue, Plaintiff was nonetheless able to formulate and submit a fully briefed (albeit "preliminary") response to Defendant's motion. This undercuts his argument that such evidence was vital to his response. As noted, the Tenth Circuit specifically states district courts should disallow relief under Rule 56(d) where the argument is simply that discovery is incomplete. *Jensen*, 998 F.2d at 1553. As evidenced in Plaintiff's response, the failure to depose the subject witnesses did not fully preclude him from providing a comprehensive response to Defendant's motion.

Nonetheless, the Court does find that the testimony of Michael Feldman is relevant to Defendant's motion and Plaintiff should be allowed to fully develop his testimony in this regard. Plaintiff has made a specific showing that Feldman's testimony is necessary to refute Defendant's assertion that it had no knowledge of a workers' compensation claim prior to settling with Atkins. *Compare* Def. Statement of Undisputed Facts, ¶¶ 24-25 *with* Pl. Prelim. Resp. Br. at 12. Thus, the Court finds Plaintiff should be permitted to depose Feldman on the circumstances surrounding this issue. Plaintiff's request to depose the remaining individuals, however, is denied

in that he has not, to the Court's satisfaction, shown these individuals' testimony is essential to establishing whether material facts are in dispute.

## CONCLUSION

Accordingly, Plaintiff's Rule 56(d) Motion [Doc. No. 28] is **GRANTED IN PART** as set forth herein. Plaintiff is permitted to take the deposition of Michael Feldman. Said deposition shall take place within **thirty (30) days** of this Order. After Feldman's deposition has been concluded, Plaintiff shall file an amended response brief within **fourteen (14) days** of his receipt of the finalized transcript of the deposition. Plaintiff shall advise the Court via written notice filed herein as to when Feldman's deposition transcript has been received.

**IT IS SO ORDERED** this **13th** day of April 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE